GEORGELIS, J,
Before the court is plaintiffs’ motion to compel production of documents. Briefs having been filed and oral argument having been heard, the motion is ready for disposition. For the reasons stated below, it will be denied.
Plaintiffs’ amended complaint alleges a cause of action in medical malpractice arising out of a February 12, 1987 incident. Plaintiff, Paul D. Congdon Sr., had undergone, on February 10, 1987, two surgical procedures at the Lancaster General Hospital. During the course of his postoperative care, he attempted to get out of bed and he fell, sustaining the injuries which are the subject matter of this lawsuit.
During the course of the discovery, plaintiffs learned, through the hospital’s answers to their interrogatories, that the hospital possesses an inci *597 dent report concerning Congdon’s fall. The hospital, asserting that the incident report was prepared for the benefit of its peer review committee and thereby believing that it is immune from discovery under the Peer Review Protection Act, 63 P.S. §425.1 et seq., refused to produce it, resulting in the motion which is before us.
The act’s section 425.4 provides as follows:
“The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review of such committee . . . Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee ...”
The hospital’s position is that: (1) the incident report was prepared at the direction of its Claims Review Committee for its exclusive use; (2) that committee is a review organization, which the act defines as “any committee engaging in peer review ... to gather and review information relating to the care and treatment of patients for the purposes of (i) evaluating and improving the quality of health care rendered; (ii) reducing morbidity or mortality; or (iii) establishing and enforcing guidelines designed to keep within reasonable bounds the cost of health care”; (3) the act grants immunity from disclosure of the records of a review organization for the purposes of encouraging increased peer review activity and of fostering free and frank discussion by review organizations, all intended to improve health care; and (4) the act, therefore, protects its disclosure. *598 Plaintiffs’ position is that the incident report was prepared immediately after the discovery of Cong-don’s fall and that, as such, it is subject to the original-source exception to the confidentiality provided by section 425.4 of the act.
The hospital has provided a copy of the incident report for an in camera inspection, but we have not made it a part of the record. We have, however, reviewed it and find that it does not provide sufficient information for us to determine the purpose of its preparation and its uses.
Both parties refer to Sanderson v. Frank S. Bryan, M.D., Ltd., 361 Pa. Super. 491, 522 A.2d 1138 (1987). In Sanderson, Judge Rowley, in interpreting the confidentiality provision of section 424.4 of the act, provides a very helpful discussion of the purpose of the act by methodically analyzing what he ascertains to be our legislature’s intent in enacting it. However, the holding in Sanderson is not dispo-sitive of the issue before us.
In Sanderson, the plaintiffs requested that the defendant hospital produce all documents which any of its review organizations maintained to evaluate the defendant doctor, but which did not relate to their cause of action. The Superior Court held that the “in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review” language of section 425.4 does not entitle a medical malpractice plaintiff to discover a hospital’s peer review matters which are not reasonably associated with a plaintiff’s cause of action, including complaints against a defendant doctor by other patients.
Both parties also refer us to Hanzsek v. McDonough, 44 D.&C. 3d 639 (1987), by which we are of course not bound but which we find helpful in *599 analyzing the issue before us. In Hanzsek, the defendant hospital, in answering the plaintiffs’ interrogatories, disclosed that incident reports had been prepared, and it provided the names of the nurses who had prepared them and the dates on which they had been prepared. The hospital refused to disclose the contents of the reports and to provide copies of them. At their depositions, the nurses were instructed by the hospital’s counsel not to answer questions concerning how and for what purpose the reports had been prepared.
The Hanzsek court found the record devoid of information which would have assisted it in determining why the reports had been prepared and whether they would be protected by the act, but it overcame this void by the hospital’s counsel’s stipulation, at oral argument, that the hospital’s brief contained an accurate description of the preparation of the reports and of their use. With this information, the Hanzsek court determined that the incident reports had been prepared both for the patient’s medical records and for peer review. It held that the term “original sources” in section 425.4 means documents prepared in the ordinary course of the treatment of a patient and that, where an incident report is prepared both for the patient’s file and for peer review, it falls within the original-sources exception, precluding its confidentiality.
In the case before us, as we have already noted, the incident report does not provide the purpose of its preparation and its uses, and there is nothing in the record before us which provides this information. To decide whether the incident report is entitled to the confidentiality of section 425.4 or whether it is within that section’s original-sources exception, we must first know the purpose of its *600 preparation and its uses and then interpret the term “original sources,” which the act fails to define.
Even though the hospital, in its brief, states that the report was prepared at the direction and for the exclusive use of its Claims Review Committee, we cannot be certain that plaintiffs are satisfied, with nothing further, with this statement. Because plaintiffs, whom we believe have the burden of assuring the record contains the information on the purpose and uses of the hospital’s incident reports, have not put that information before us by the time of the filing of their motion, we cannot determine that purpose and those uses, and we do not reach the question of the meaning of the term “original sources.”*
Without addressing whether we agree with the Hanzsek court’s interpretation of the meaning of the term “original sources,” we believe that court’s efforts to discover the purpose of the preparation and the uses of the incident reports before it were appropriate, and we conclude that such information is essential to the disposition of the motion before us. Consequently, we must deny it.
Accordingly, we enter the following
ORDER
And now, December 6, 1990, for the reasons stated in the foregoing opinion, plaintiffs’ motion to compel production of documents is denied.

 Even though we are aware, through counsel’s statements at oral argument, of some of plaintiffs’ efforts to learn the contents of the incident report, we are not aware that they have made any effort to discover the purpose and the uses of the report. We believe this effort must be made and should not be thwarted by the hospital.